# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51106

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2018

Lyle W. Cayce
Clerk

SUSAN SIDEMAN; MARK SIDEMAN,

     Plaintiffs–Appellants,

v.

FARMERS GROUP, INCORPORATED, A Nevada Corporation,

     Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-23

Before JONES, BARKSDALE, and WILLETT, Circuit Judges.

PER CURIAM:*

In this insurance dispute over hail-damage coverage, the homeowners argue their insurer breached the consumer-protection provisions of Texas Insurance Code § 541. We need not reach the merits, though, as the homeowners' claims are time-barred.

## I. BACKGROUND

Plaintiffs–Appellants Susan and Mark Sideman maintained a Texas Farmers Insurance Company ("TFIC") homeowner's insurance policy.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51106

Defendant–Appellee Farmers Group ("Farmers") managed TFIC's policies and communicated with customers on TFIC's behalf.

In June 2013, Farmers mailed the Sidemans an offer package including (1) notice that TFIC was not renewing the policy; (2) an offer for a new policy; (3) a summary comparison of the old policy and the new policy; and (4) a new endorsement—prominently titled "Exclusion of Marring of Metal Roof Materials"—that limited coverage to situations where a covered peril (such as hail) punctures a roof or renders it functionless, and explicitly excluded coverage for mere marring (like denting or scratching). The offer package also included a letter bearing the signature and return address of Farmers' insurance agent, Michael Woods, though Woods neither prepared the offer package nor wrote the letter. The offer package did not include a copy of the proposed policy but instead urged the Sidemans to review the policy and to contact Woods for more information. The Sidemans went ahead and purchased the policy.

Nearly three years passed. In April 2016, a hail storm cosmetically damaged the Sidemans' metal roof. They filed a claim but were told that cosmetic hail damage was not covered. Upset, the Sidemans sued under the Texas Insurance Code § 541, alleging that several items in (or omitted from) the offer package were false or misleading. Specifically, they claim the package's summary comparison and marring exclusion were misleading; the failure to include a full-text physical copy of the new policy was deceptive and misleading; and the letter bearing Woods's return address and signature deceptively implied he helped prepare the offer package. Separately, the Sidemans claim Farmers misrepresented the scope of its homeowner's insurance policies when it reported them to the Texas Department of Insurance in 2011.

2

No. 17-51106

Farmers successfully moved for judgment on the pleadings under Rule 12(c). The court held that the Sidemans failed to state any viable cause of action because they could show no affirmative misrepresentations, and in the alternative, their claims were time-barred. The Sidemans timely appealed.

## II. STANDARD OF REVIEW

We "review *de novo* a district court's grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." *United States v. Renda Marine, Inc.*, 667 F.3d 651, 654 (5th Cir. 2012). "[W]e must look only to the pleadings and accept all allegations contained therein as true." *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). "The issue is not whether the [Sidemans] will ultimately prevail, but whether they are entitled to offer evidence to support their claims." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

## III. DISCUSSION

### A.     The June 2013 Package

To recap, the Sidemans allege: (1) the summary comparison misrepresented actual coverage; (2) the marring exclusion was misleading; (3) the use of Woods's return address and signature falsely implied he was directly involved in preparing the package materials; and (4) the failure to provide a copy of the entire policy—when other materials said a copy was included—was an actionable misrepresentation.

These claims, whatever their merit, are time-barred. The applicable statute of limitations states:

> A person must bring an action under this chapter before the second anniversary of the following: (1) the date the unfair method of competition or unfair or deceptive act or practice occurred; or (2) the date the person discovered or, by the exercise of reasonable diligence, should have discovered that the unfair method of competition or unfair or deceptive act or practice occurred.

3

No. 17-51106

TEX. INS. CODE § 541.162(a). District courts routinely and properly grant judgment on the pleadings based on a limitations bar that is apparent from the face of the pleadings. *See, e.g.*, *Brown v. Walraven*, 9 F.3d 1546 (5th Cir. 1993) (unpublished) (affirming grant of judgment on the pleadings because statute of limitations barred plaintiff's action); *see also*, *McGee v. State Farm Fire & Cas. Co.*, 515 Fed. App'x 291, 294 (5th Cir. 2013) (unpublished).

The Sidemans' claims are based upon the packet received in June 2013. But they did not sue until January 2017. This is well past the two-year statute of limitations. *See* TEX. INS. CODE § 541.162(a).

The Sidemans argue that under the discovery rule, limitations was tolled until the hail storm in April 2016. Before then, they maintain, the "exercise of reasonable diligence" would not have permitted them to discover the basis for their claims. That is, the exercise of reasonable diligence would not have alerted them that the entire policy was not included in the packet, that the summary comparison and marring exclusion had misleading language, and that Woods did not actually write the letter encouraging the Sidemans to contact him about the new policy.

We disagree. Reasonable diligence would have led to the discovery of the policy's absence and allegedly misleading language in the summary comparison and marring provision. The alleged misuse of Woods's name and return address, if affirmatively misrepresentative of some material fact, would likewise have been discovered through reasonable diligence. The Sidemans did not contact Woods about this letter until 2016. The discovery rule does not save their Insurance Code claims.

The Sidemans have not asserted that they were prevented from obtaining a copy of the policy, reading the summary comparison and marring exclusion, or contacting Woods. They have not alleged any plot to conceal the new policy. Just the opposite. The Sidemans acknowledge they received the

summary comparison and marring provision in the packet and that other packet materials urged them to review the full policy. They never contacted anyone about the missing policy before purchasing it. The Sidemans offer only the following counterfactual argument to show why limitations was tolled: Had they contacted Woods about the new policy in 2013, he may have been unable to answer their questions, which would have contradicted package materials signed by Woods with his return address that represented he was able to answer questions. Even accepting all allegations in the pleading as true, *see Brittan Commc'ns*, 313 F.3d at 904, courts need not accept baseless speculation.

**B.     Farmers' Representations to the Texas Department of Insurance**

The Sidemans argue that in 2011, Farmers made actionable statements in a letter to the Department. Setting aside the fact that the Sidemans do not allege they relied upon, or were even aware of, the contents of this letter at any point prior to this litigation, any cause of action arising out of the letter is likewise time-barred. *See* TEX. INS. CODE § 541.162(a).

AFFIRMED.